IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ADAM LANE**                                                                                            **PLAINTIFF**
**ADC #155843**

V.                              NO. 4:25-cv-279-DPM-ERE

**STEPHEN LANE and**
**DEXTER PAYNE, Director, Arkansas**
**Division Corrections**                                                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file objections to this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Marshall can adopt this Recommendation without independently reviewing the record.

### II.   Background

*Pro se* plaintiff Adam Lane, an inmate at the Larry Norris Unit of the Arkansas Division of Correction ("ADC"), filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. He alleges that Defendants, ADC Director Dexter Payne and Captain Stephen Lane,

have failed to comply with a settlement agreement reached in *Lane v. Lane*, No. 2:20-cv-00171-KGB ("*Lane I*").

After initial screening and resolution of summary judgment motions in *Lane 1*, Mr. Lane proceeded on one claim: that Defendant Lane used excessive force against him on May 30, 2020. *Lane 1, Doc. 42*. On July 30, 2025, Chief United States District Judge Kristine G. Baker adopted the parties' stipulation of dismissal with prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. *Lane I, Docs. 63, 64*. The order of dismissal did not incorporate the terms of a settlement agreement, and Chief Judge Baker did not retain jurisdiction for enforcement purposes.

On November 12, 2024 and January 29, 2025, Mr. Lane filed *pro se* motions in *Lane I*, asking Chief Judge Baker to: (1) find that Defendants had failed to comply with the terms of a settlement agreement; and (2) compel a new settlement conference. *Lane I, Docs. 68, 69*. As of the date of this Recommendation, those motions remain pending.

On March 24, 2025, Mr. Lane filed the complaint initiating this case, alleging: "Defendants will not comply with settlement order after many months of attempting to get them to comply." *Doc. 2 at 4*. For relief, Mr. Lane asks the Court to "retry or restart" *Lane 1* from "back at [the] settlement conference." *Doc. 2 at 5*.

**III.   Discussion**

    **A.   Standard**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

    **B.   Analysis**

Every possible interpretation of Mr. Lane's complaint leads to the same conclusion: his complaint should be dismissed without prejudice. First, to the extent that his goal is to "retry or restart" *Lane I*, his pleading is duplicative of the pending motions he filed in *Lane 1,* and in the interest of preventing duplicative litigation,

3

the Court should decline to exercise jurisdiction in this case. *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 951-952 (8th Cir. 2001) ("The federal courts strongly oppose such duplication for it promotes wasteful use of scarce judicial resources.").

Second, to the extent that Mr. Lane seeks to pursue new civil rights claims based on Defendants' alleged breach of *Lane 1* settlement obligations, he fails to state a plausible claim. The prison grievance papers included with the complaint, allege that ADC officials violated the agreed upon settlement terms by failing to pay him $350, provide him good time credits, and place him in protective custody. *Doc. 2 at 6*. However, none of these factual allegations support a claim that his constitutional rights were violated.[1]

Third, to the extent that Mr. Lane seeks to pursue a breach of contract claim, the Court lacks subject matter jurisdiction. Federal courts lack inherent power to enforce a settlement agreement entered into by parties in an earlier federal court action. *Kokkonen v. Guardian Life Insurance Co. of Am.,* 511 U.S. 375, 377, 380-81

---

[1] See *Christiansen v. Clarke*, 147 F.3d 655 (8th Cir. 1998) (absent a state statute creating property rights, prisoners have no basis for claiming unconstitutional deprivation of property); *Brown v. Payne*, No. 4:23-cv-00287-BRW-PSH, ECF No. 11, 2023 WL 6626280 (E.D. Ark. October 11, 2023), *report and recommendation adopted by*, No. 4:23-cv-00287-BRW, ECF No. 12, 2023 WL 7159296 (E.D. Ark. Oct. 31, 2023) (holding that neither federal nor Arkansas law creates a liberty interest in meritorious good-time credit); *Robinson v. Cavanaugh*, 20 F.3d 892 (8th Cir. 1994) (holding that absent deliberate indifference to a serious safety threat, prison officials do not violate the constitution by failing to place inmate in protective custody).

(1994). Only where the parties' settlement obligations are made part of the order of dismissal, which is *not* the case here, does a federal court have ancillary jurisdiction to enforce the agreement. *Id*. at 381.  In addition, Mr. Lane has not asserted a factual basis for exercising diversity jurisdiction. See 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]").

## IV.   Conclusion

IT IS THEREFORE RECOMMENDED that:

1.   Mr. Lane's complaint be DISMISSED, without prejudice.

2.   In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3.   The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.   The Clerk be directed to close this case.

Dated 31 March 2025.

_____
UNITED STATES MAGISTRATE JUDGE